UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY EDWARD JACKSON,

                Plaintiff,

v.                                                                 Case No. 19-cv-1497-pp

ROBERT E. ELLSWORTH CORRECTIONAL CENTER,
WARDEN SARAH COOPER, and
SUPERINTENDENT PAULA STOUDT,

                Defendants.

## ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PAY INITIAL PARTIAL FILING FEE

The plaintiff, a prisoner who is representing himself, filed this complaint on October 11, 2019, dkt. no. 1, along with a motion asking the court to allow him to proceed without prepaying the filing fee, dkt. no. 2. On October 16, 2019, the court ordered that by November 6, 2019, the plaintiff had to submit $3.19 to the Clerk of Court as an initial partial filing fee. Dkt. No. 7.

The plaintiff filed this lawsuit on October 11, 2019. Dkt. No. 1. He submitted a trust account statement for the period from April 2, 2019 through October 2, 2019. Dkt. No. 9. Under the Prison Litigation Reform Act ("PLRA"), inmates asking to proceed without prepaying the filing fee must file a certified trust account statement for the six-month period preceding the month in which they file their lawsuit. 28 U.S.C. §1915(a)(2). This allows the court to calculate an initial partial filing fee, which the law requires prisoner plaintiffs to pay as a condition of proceeding without prepaying the entire filing fee. 28 U.S.C.

1

§1915(b). The six months preceding the month in which the plaintiff filed this lawsuit would have covered April 1, 2019 through September 30, 2019, so the court used the trust account statement the plaintiff filed to calculate the $3.19 filing fee.

The court issued the order requiring the plaintiff to pay the $3.19 initial partial filing fee on October 16, 2019. Dkt. No. 6. Eight days later, on October 24, 2019, the court received the same trust account statement from the plaintiff. Dkt. No. 8. There was no cover letter, no explanation—just a second copy of his trust account statement. The court suspects that the plaintiff was somehow trying to let the court know that he did not have the money to pay the $3.19 filing fee. The reason the court suspects this is because the plaintiff has filed four cases in this district in the past three and a half months. He filed his first case on August 26, 2019, Jackson v. Kurkowski, *et al.*, Case No. 19-cv-1235. He submitted the same trust account statement in that case as he did in this one, and later wrote the court a letter saying that he didn't receive funds from the state and that he'd submitted a form asking to pay the filing fee later. Id. at Dkt. No. 10.

On October 7, 2019, he filed Jackson v. Chippewa Valley Correctional Treatment Center, *et al.*, Case No. 19-cv-1466; the court assessed him the same $3.19 initial partial filing fee in that case, and he paid $2.39 of it on October 28, 2019. Along with the $2.39, the plaintiff sent a letter, saying that he had sent all the funds in his account but that he wanted all of his cases to continue and to be allowed to pay over time. Case No. 19-cv-1466 at Dkt. No.

9. The court recently issued an order accepting the $2.39 partial payment, but dismissing that case because the court doesn't have jurisdiction to hear it. Id. at Dkt. No. 10.

On October 11, 2019, the plaintiff filed this case, in which the court has assessed him a $3.19 initial partial filing fee. Finally, on October 12, 2019, the plaintiff filed Jackson v. Atkinson, *et al.*, Case No. 19-cv-1668. In that case, the plaintiff filed a trust account statement covering the period May 6, 2019 through November 5, 2019, id. at dkt. no. 3; the court assessed him a $2.60 initial partial filing fee, id. at dkt. no. 4, even though he had not provided trust account information for the entire six-month period prior to the month in which he filed the lawsuit (April 1, 2019 through September 30, 2019).

The plaintiff may believe that every document he files shows up on the docket in each of his four cases. That is not correct. The plaintiff's letter in his first case—the letter in which he said he didn't receive state money—had Case No. 19-cv-1235on it. So the clerk's office put that letter on the docket *for that case*. That letter is *not* on the docket in *this* case; the court became aware of it only because it was reviewing all the plaintiff's cases for the missing initial partial filing fees.

The plaintiff may also believe that he is required to pay only one initial partial filing fee regardless of how many cases he files. That is not correct, either. The PLRA requires an inmate to pay the initial partial filing fee for *each case* he files; "[i]t is undisputed that the initial partial filing fee is to be assessed on a per-case basis, *i.e.*, each time the prisoner files a lawsuit." Bruce

3

v. Samuels, ___ U.S. ___, 136 S. Ct. 627, 629 (2016). By filing four lawsuits in just over two months, the plaintiff made himself subject to a total initial partial filing fee of $12.17.

The trust account statement the plaintiff filed in this case—covering April 2, 2019 through October 2, 2019—showed a starting balance of $2.02 and an ending balance of $2.39. Dkt. No. 6. The plaintiff appears to have had job income here and there, although he also has many withdrawals for child support, DNA surcharges and deposits into his release account. He made occasional canteen purchases.

Before dismissing the case for failure to pay the initial fee, the court must determine whether the plaintiff is at fault for the non-payment. See Thomas v. Butts, 745 F.3d 309, 312-13 (7th Cir. 2014). A court may not dismiss the case of a prisoner who lacks funds in his account. Id. at 312; see also 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." Thomas, 745 F.3d at 312 (citations and internal quotation omitted).

The plaintiff's trust account statement does not show that the intentionally depleted his account prior to filing this case. He does not appear to have received any job income, or made any purchases, in the month before h

4

filed the case. Maybe the plaintiff has enough funds in his *release* account to pay the $3.19 initial partial filing fee, because the institution has been taking money out of the trust account and depositing it into the release account on a regular basis. Or maybe the plaintiff really does not have any money in either account.

The court will give the plaintiff the opportunity to either pay the $3.19 initial partial filing fee, ask for authorization to pay it out of his release account (if the plaintiff has enough in that account), or explain to the court why he cannot pay the $3.19 and ask the court to allow him to proceed without paying any of the initial partial filing fee. The plaintiff must do one of these three things—pay the $3.19, ask for permission to pay it from his release account or ask the court to waive the initial partial filing fee—by the deadline the court sets below. If the plaintiff doesn't do one of those things by the deadline, the court will dismiss this case for the plaintiff's failure to diligently pursue it.

The court **ORDERS** that, in time for the court to receive it by the end of the day on **January 3, 2020**, the plaintiff must either (a) pay the $3.19 initial partial filing fee, (b) file a written request for authorization to pay the $3.19 initial partial filing fee from his release account, or (c) explain to the court in writing why he can't pay the $3.19 initial partial filing fee from either his trust account or his release account. The plaintiff must do one of these three things in time for the court to receive it by the end of the day on January 3, 2020. If the court does not receive the $3.19 initial partial filing fee, the plaintiff's request to pay the fee out of his release account or the plaintiff's written

explanation by the end of the day on January 3, 2020, the court will dismiss the plaintiff's case for failure to diligently pursue it. Civ. L.R. 41(c) (E.D. Wis.).

The court will mail a copy of this order to the warden of the Chippewa Valley Correctional Treatment Facility.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**